**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DEBRA STEPHENS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| **V.** | § | **CAUSE NO. A-12-CV-659-LY** |
| | § | |
| | § | |
| **THE CITY OF AUSTIN AND** | § | |
| **ART ACEVEDO,** | § | |
| **DEFENDANTS** | § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Now Comes Plaintiff Debra Stephens and, pursuant to FRCP 37, files this Motion to Compel Discovery and Brief in Support of, and respectfully shows as follows:

1.      Plaintiff is Debra Stephens, resident of Williamson County, Texas.

2.      Plaintiff brought suit against Defendants City of Austin (hereinafter "COA") and Art Acevedo for violations of 42 U.S.C. § 1983 because she was deprived of her right to Freedom of Speech under the First and Fourteenth Amendment.  While Plaintiff was employed in the Austin Police Department crime lab, Plaintiff spoke as a private citizen on matters of public concern.  Specifically, Plaintiff spoke out about impropriety and malfeasance within the Austin Police Department.  Plaintiff suffered retaliation and termination because of her protected speech.

3.      On November 6, 2012, Plaintiff served First Request for Production and First Set of Interrogatories on COA.  On February 15, 2012, COA served supplemental responses and objections to the First Set of Interrogatories (attached as Exhibit "A") and First Request for Production (attached as Exhibit "B").  These responses were inadequate and Plaintiff now moves

for an order compelling Defendants to supplement the responses with full and complete responses.

       4.     The following are specific Requests for Interrogatories being compelled and argument in support of:

**INTERROGATORY NO. 2:**

List the name and current or last known address, phone number, job position, job description, period of employment and employment status of all persons employed by Defendant who worked in the APD crime lab and/or Forensics Center or have any knowledge of Plaintiff as it relates to her employment for Defendant, from March 2002 to present.

**ANSWER:**       **The City objects to this Interrogatory as overly broad and unduly burdensome in subject matter, scope, and time. The City also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). In addition, the City objects to production of information related to third persons to this lawsuit as invasive of those persons' personal privacy interest.**

       **To the extent that this Interrogatory is related to Plaintiff's claims in this case, the City objects to this Interrogatory as duplicative and unreasonably cumulative. The *Defendants' Rule 26(a)(1) Disclosures* provided a list of persons with relevant knowledge; it is unreasonable to require that the same information be furnished again. *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y. 1958). The information sought by Plaintiff should be obtained by review of the City's discovery responses.**

       **Subject to and without waiving its objections, the City refers Plaintiff to the discovery responses, documents produced, pleadings, or testimony in this lawsuit including, but not limited to, the *Defendants' Rule 26(a)(1) Disclosures*, with particular reference to Defendants' Rule 26(a)(1)(A) disclosure.**

**ARGUMENT:**     This interrogatory is not duplicative. Defendants' Rule 26(a)(1) Disclosures only require disclosure of those persons that Defendants "may use to support its claims or defenses". FRCP 26(a)(1)(A)(i). Interrogatory No. 2 seeks a list of all employees who worked in the APD crime lab and/or Forensics Center during the corresponding time period of Plaintiff's employment or have any knowledge of Plaintiff as it relates to her employment, and thus covers a broader section of employees than has previously been disclosed. The Defendants' Rule 26(a)(1) Disclosures also do not include other information sought: current or last known address, phone number, job position, job description, period of employment and employment status.

This request is not cumulative; an objection that documents are "cumulative" only applies if the documents have previously been produced. *Bramante v. McClain*, 2007 WL 196916, *1 (W.D. Tex. 2007). The information sought has not been previously produced.

This information is relevant because Plaintiff must have the opportunity determine the identity of witnesses and conduct a through investigation of the facts of the case. In addition, the Defendants' Disclosure only lists people who will support their defense. It excludes others who may have information that supports the Plaintiff. The additional information sought is relevant to the identity and location of the various employees and whether they can be contacted.

A list of employees has consistently been held to be both relevant and discoverable. *See Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 305-06 (5th Cir. 1973); *Wright v. Weaver*, 2009 WL 5170218, *2 (E.D. Tex. 2009); *Raytheon Co. v. Indigo Systems Corp.*, 2008 WL 5378044, *2 (E.D. Tex. 2008); *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 698 (2nd Cir. 1966).

This request is not unduly burdensome. *See Burns*, 483 F.2d 300, 307. ("Thiokol argues that the onerous burden of compiling, assimilating, and synthesizing voluminous employment records into cogent, responsive answers to the interrogatories outweighs the utility of the information. We disagree. Of course, the extensive listing of information required to fully answer the interrogatory is somewhat cumbersome. But … the fact that an interrogatory calls for a list does not make it improper"). In *Burns*, the time period covered was ten years, approximately the same time period sought here.

Furthermore, Defendants' objections are not sufficient. A claim of undue burden is an objection that the discovery request places a burden or expense on the party that outweighs its likely benefit. FRCP 26(b)(2)(C)(iii). The burden is on the party resisting a request for production to "show specifically how each request is not relevant or how each request is overly

broad, burdensome or oppressive." *Enron Corp. Savings Plan v. Hewitt Assoc.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009). "Boilerplate objections are not acceptable." *Id.*

> In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome. A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection. Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request.

*Id.*; *also see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("the party resisting discovery must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive"); *Raytheon*, 2008 WL 5378044 at *3 ("All that is left is Raytheon's boilerplate objections to this interrogatory. These objections are plainly insufficient").

Defendants have also objected to the relevancy of this request. As already stated, the party resisting discovery bears the burden to show the documents are not relevant. The objection to relevancy must be specific and boilerplate objections are not acceptable.

Defendants far too narrowly construe the term "relevant". "Relevant evidence" for purposes of discovery means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Enron Corp.*, 158 F.R.D. at 159 (*citing* FRE 401). "Relevancy is broadly construed, and a request for discovery should be considered if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (*citing Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). A list of employees is relevant to this claim because of the need to discovery potential witnesses and how to contact them or do further investigation.

**INTERROGATORY NO. 11:**

State each instance of an employee of COA or APD being disciplined, "written up", suspended, terminated, demoted, receiving a pay cut, being involuntarily moved to another position or department, receiving a verbal or written warning, or otherwise disciplined, since March 2002 to present. Include the behavior being addressed and the date it allegedly took place, the date of the discipline, and the person responsible for the decision to discipline.

**ANSWER:**          **The City objects to this Interrogatory as overly broad, unreasonably cumulative, and unduly burdensome in subject matter, scope, and time. The City also objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1). The City further objects to production of information related to third persons not parties to this lawsuit as invasive of those persons' personal privacy interest.**

          **Subject to and without waiving its objections, the City refers Plaintiff to the documents produced in connection with *Defendants' Rule 26(a)(1) Disclosures* that relate to Plaintiff's employment with Defendant, and any additional information that appears in any discovery responses, documents produced, pleadings, or testimony in this lawsuit.**

**ARGUMENT:**          As stated above in Plaintiff's argument concerning Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded. "Boilerplate objections are not acceptable." *Enron Corp.*, 258 F.R.D. at 159. This request is not cumulative of other discovery requests. Information concerning other discipline by Defendants has not been produced.

          The information sought is relevant to the reason why Plaintiff was disciplined. A public employee claiming violation of freedom of speech "must demonstrate that his protected conduct was a substantial motivating factor in his discharge. The employer then has the burden of showing a legitimate reason for which it would have discharged the employee even in the absence of his protected conduct. The employee can refute that showing by evidence that his employer's ostensible explanation for the discharge is merely pretextual." *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991); *also see Click v. Copeland*, 970 F.2d 106, 113 (5th Cir. 1992). Pretext is shown by circumstantial evidence of other employees who are similar to Plaintiff that were treated differently. *Coughlin*, 946 F.2d at 1159.

Various reasons have been cited by Defendants as justifying adverse employment actions taken against Plaintiff. Plaintiff needs evidence of adverse employment actions taken as to other employees to circumstantially prove the pretextual nature of alleged wrongdoing. *Id.* ("to rebut Lee's assertion of a permissible reason for their discharge, the plaintiffs must prove that the asserted reason was no more than a pretext. Pretext can be demonstrated by circumstantial evidence"). The information sought will allow Plaintiff to show that no employee, other than Plaintiff, has been similarly disciplined for the same or similar alleged transgressions, and therefore that the reasons cited for her termination were merely and excuse.

## INTERROGATORY NO. 12:

State each instance of the City of Austin or APD or its representative has been contacted by any media outlet, reporter, outside agency, governmental agency, internal affairs agency, or private party or attorney concerning the Austin Police Department's Crime Lab and/or Forensics Center or any employee of the Crime Lab, since March 2002. Include the date of the contact, the substance of the contact and what, if any, information was requested of COA or APD.

**ANSWER:** **The City objects to this Interrogatory as overly broad, unreasonably cumulative, and unduly burdensome in subject matter, scope, and time. The City also objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1).**

**ARGUMENT:** As stated above in Plaintiff's argument concerning Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded. "Boilerplate objections are not acceptable." *Enron Corp.*, 258 F.R.D. at 159.

Plaintiff must show that she was speaking on a matter of "public concern". One key factor when analyzing whether speech addresses a matter of "public concern", as opposed to merely addressing a private employment dispute, is whether there is media coverage related to the speech. *See Markos v. City of Atlanta, Tex.*, 364 F.3d 567, 573-74 (5th Cir. 2004). This interrogatory seeks information regarding each time Defendants have been contacted by the media about the Crime Lab and is therefore relevant.

5.      The following are specific Requests for Production being compelled and argument

in support of:

**REQUEST FOR PRODUCTION NO. 7:** The personnel file of each person named in your response to Interrogatory No. 2.

**RESPONSE:**       **The City objects to this Request as unreasonably cumulative and unduly burdensome in subject matter, scope, and time.  This City also objects because this Request is not reasonably calculated to lead to the discovery of admissible evidence.  FRCP 26(b)(1).  The City further objects to production of information related to third persons not parties to this lawsuit as invasive of those persons' personal privacy interest.**

ARGUMENT:        Interrogatory No. 2 requested a list of all persons employed by the

Defendant from March 2002 to present who worked with Plaintiff in the crime lab or who have

knowledge about her employment.     As stated above in Plaintiff's argument concerning

Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded.

"Boilerplate objections are not acceptable." *Enron Corp.*, 258 F.R.D. at 159.  This information is

relevant to the burden regarding pretext that Plaintiff must satisfy.  *Coughlin,* 946 F.2d at 1157;

*Click,* 970 F.2d at 113.  Personnel files of other employees are relevant and have consistently

been ordered produced when Plaintiff must establish pretext in an employment decision.  *See*

*Green v. Nicholson Mfg. Co.*, 2005 WL 5959605 (E.D. Tex. 2005).

**REQUEST FOR PRODUCTION NO. 20:** A complete and unaltered copy of the personnel file of Laura Carroll.

**RESPONSE:**       **The City objects to this Request as unreasonably cumulative and unduly burdensome in subject matter, scope, and time.  This City also objects because this Request is not reasonably calculated to lead to the discovery of admissible evidence, Ms. Carroll's performance was not relied on in making the decision to take disciplinary action against Plaintiff.  FRCP 26(b)(1).  The City further objects to production of information related to third persons not parties to this lawsuit as invasive of those persons' personal privacy interest.  Nor are personnel files of other employees relevant because the issue is not whether Plaintiff was treated differently from other employees who allegedly engaged in protected speech; there is no cause of action for a First Amendment free speech "disparate treatment" claim.  Subject to and without waiving its objections, the City states: see Ms. Carroll's APD personnel file, Bates labeled COA 8696 through 8838.**

**ARGUMENT:**      Plaintiff believes that the personnel file of Ms. Carol has not been fully

produced.  Plaintiff seeks an order compelling the entire personnel file of Ms. Carol, including any

in house or segregated portion of her file, or in the alternative, a removal of the objections and a

statement that the complete and unaltered file has been produced.

**REQUEST FOR PRODUCTION NO. 21:** All emails and other documentation from or
directed to the Crime Lab concerning APD Case #2011-0630134.  Also include any documents,
memos, emails or electronic material related to Plaintiff and APD Case #2011-0630134.

**RESPONSE:**      **The City objects because this Request is not reasonably calculated to
lead to the discovery of admissible evidence.  FRCP 26(b)(1).  The City also objects to this
Request as duplicative and unreasonably cumulative.  The information sought is equally
available to Plaintiff and should be obtained by review of the documents produced in
*Defendants' Rule 26(a)(1) Disclosures*. FRCP 26(b)(2)(C).  It is unreasonable to require that
the same information be furnished again.  *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D.
494 (S.D.N.Y. 1958).  Parties are not required to marshal their trial evidence for the
opposing party's benefit.**
      **The City further objects to this because disclosure of information that relates to the
pending criminal case #2011-0630134 would compromise the investigation and protected by
the law enforcement/prosecution privilege.  *See Hobson v. Moore*, 734 S.W.2d 340 (Tex.
1987); Tex. Civ. Prac. & Rem. Code Sec. 30.006.**
      **Subject to and without waiving its objections, the City states: see relevant non-
privileged and non-confidential documents Bates-labled COA 2943 through COA 2946,
produced in connection with *Defendants' Rule 26(a)(1) Disclosures*.**

**ARGUMENT:**      Plaintiff was allegedly terminated, in part, over her handling of APD Case

#2011-0630134.   Therefore, Plaintiff must be able to determine if Plaintiff actually made a

mistake concerning the case, or if it is merely pretextual.

      This request seeks information and documents referred to in Plaintiff's termination letter

of April 29, 2011, and all documents must be produced in order to assess the legitimacy of the

charge against Plaintiff.   Any privilege under State law to this information only applies to

ongoing investigations.  If APD investigation is complete, this privilege does not apply.  Further,

Defendants have relied on this allegation and produced documents that support its case, and thus

have waived any privilege as it is improper to use a privilege as a sword and shield.  CPRC §

30.006 only applies to non-party law enforcement. If all documents have been produced, the objections should be removed.

**REQUEST FOR PRODUCTION NO. 22:** All documents or electronic material regarding the February 11, 2011 incident wherein Defendant claims that Plaintiff violated COA or APD policy.

**RESPONSE:**      **The City objects to this request as vague in that "the February 11, 2011 incident" is not defined in Plaintiff's Requests. The City also objects to this Request as duplicative and unreasonably cumulative. The information sought is equally available to Plaintiff and should be obtained by review of the documents produced in Defendants' Rule 26(a)(1) Disclosures. FRCP 26(b)(2)(C). ). It is unreasonable to require that the same information be furnished again. *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y. 1958). Parties are not required to marshal their trial evidence for the opposing party's benefit.**
      **Subject to and without waiving its objections, the City refers Plaintiff to the discovery responses, documents produced, pleadings, or testimony in this lawsuit including, but not limited to, the *Defendants' Rule 26(a)(1) Disclosures* and documents produced with the *Disclosures*.**

**ARGUMENT:**      Plaintiff was allegedly terminated, in part, over leaving evidence out unsecured within the crime lab on February 11, 2011. Therefore, Plaintiff must be able to determine if Plaintiff actually made a mistake, or if it is merely pretextual.

This request seeks information and documents referred to in Plaintiff's termination letter of April 29, 2011, and all documents must be produced in order to assess the legitimacy of the charge against Plaintiff. If all documents have been produced, the objections should be removed.

**REQUEST FOR PRODUCTION NO. 23:** All emails and other documentation from or directed to the Crime Lab concerning APD Case #2011-0272176. Also include any documents, memos, emails or electronic material related to Plaintiff and APD Case #2011-0272176.

**RESPONSE:**      **The City objects because this Request is not reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). The City also objects to this Request as duplicative and unreasonably cumulative. The information sought is equally available to Plaintiff and should be obtained by review of the documents produced in *Defendants' Rule 26(a)(1) Disclosures*. FRCP 26(b)(2)(C). It is unreasonable to require that the same information be furnished again. *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y. 1958). Parties are not required to marshal their trial evidence for the opposing party's benefit.**
      **Subject to and without waiving its objections, see relevant non-privileged and Bates-labled COA 4407 through COA 4418, produced in connection with *Defendants' Rule 26(a)(1) Disclosures*.**

**ARGUMENT:**       Plaintiff was allegedly terminated, in part, over her handling of APD Case #2011-0272176.   Therefore, Plaintiff must be able to determine if Plaintiff actually made a mistake concerning the case, or if it is merely pretextual.

This request seeks information and documents referred to in Plaintiff's termination letter of April 29, 2011, and all documents must be produced in order to assess the legitimacy of the charge against Plaintiff.  If all documents have been produced, the objections should be removed.

**REQUEST FOR PRODUCTION NO. 28:** Job descriptions for every person and/or job within APD or COA who was involved in the discipline of Plaintiff or worked in the Forensics Center.

**RESPONSE:**       **The City objects to this Request as overly broad, unreasonably cumulative, and unduly burdensome in subject matter, scope and time.  The City also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  FRCP 26(b)(1).**
      **Subject to and without waiving its objections, the City states: see documents Bates-labeled COA 4630 through COA 4633.**

**ARGUMENT:**       As stated above in Plaintiff's argument concerning Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded.  This information is relevant to Plaintiff's claims of a pattern of harassment and retaliation by the Defendants. Plaintiff was subjected to extra discipline not authorized by the chain of command and the job descriptions will show which positions have the authority to mete out discipline, as well as explaining the structure and responsibilities of employees, which will be relevant to the pretextual nature of the adverse employment events..

**REQUEST FOR PRODUCTION NO. 32:** A complete and unaltered copy of the personnel file of Cecily Hamilton.

**RESPONSE:**       **The City objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  FRCP 26(b)(1).  As an initial matter, Ms. Hamilton resigned her employment in May 2010, nearly two years before Plaintiff's employment was terminated.  Further, personnel files of other employees are not relevant because the issue is not whether Plaintiff was treated differently from other employees who allegedly engaged in protected speech; there is no cause of action for a First Amendment free speech "disparate treatment" claim.  The City also objects to production of information related to third persons**

not parties to this lawsuit as invasive of those persons' personal privacy interest.  **Subject to and without waiving its objections, the City states: see Ms. Hamilton's APD personnel file, Bates labeled COA 8155 through 8263.**

**ARGUMENT:**        Plaintiff believes that the personnel file of Ms. Hamilton has not been fully produced.  Plaintiff seeks an order compelling the entire personnel file of Ms. Hamilton, including any in house or segregated portion of her file, or in the alternative, a removal of the objections and a statement that the complete and unaltered file has been produced.

**REQUEST FOR PRODUCTION NO. 34:** A complete and unaltered copy of the personnel file of Tina Wolfe.

**RESPONSE:**        **The City objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1).  As an initial matter, Ms. Wolfe retired from City employment with the APD in 2008, worked in the Evidence Control Section, and did not have the same supervisors as Plaintiff.  Further, personnel files of other employees are not relevant because the issue is not whether Plaintiff was treated differently from other employees who allegedly engaged in protected speech; there is no cause of action for a First Amendment free speech "disparate treatment" claim. The City also objects to production of information related to third persons not parties to this lawsuit as invasive of those persons' personal privacy interest.  Subject to and without waiving its objections, the City states: see Ms. Wolfe's APD personnel file, Bates labeled COA 8264 through 8694.**

**ARGUMENT:**        Plaintiff believes that the personnel file of Ms. Wolfe has not been fully produced.  Plaintiff seeks an order compelling the entire personnel file of Ms. Wolfe, including any in house or segregated portion of her file, or in the alternative, a removal of the objections and a statement that the complete and unaltered file has been produced.

**REQUEST FOR PRODUCTION NO. 41:** All documents or electronic material related to yearly in-house inspections of the Crime Lab and/or Forensics Center since March 2002.

**RESPONSE:**        **The City objects to this Request as unreasonably cumulative and unduly burdensome in subject matter, scope, and time.  The City also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1).**

**ARGUMENT:**        As stated above in Plaintiff's argument concerning Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded.

Plaintiff's protected speech included criticism of the crime lab.  The documents requested will show whether Plaintiff's criticisms were justified.

**REQUEST FOR PRODUCTION NO. 42**: All Corrective Action Reports generated by the Crime Lab and/or Forensics Center since March 2002.

**RESPONSE:**      **The City objects to this Request as unreasonably cumulative and unduly burdensome in subject matter, scope, and time.  The City also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1).  The City further objects to production of information related to third persons to this lawsuit as invasive of those persons' personal privacy interest.**
      **Subject to and without waiving its objections, to the extent relevant, non-confidential documents relating to Plaintiff exist, the City refers Plaintiff to the discovery responses, documents produced, pleadings, or testimony in this lawsuit including, but not limited to, the *Defendants' Rule 26(a)(1) Disclosures*, and documents produced with the *Disclosures*.**

**ARGUMENT:**      As stated above in Plaintiff's argument concerning Interrogatory No. 2, Defendants' boilerplate objections are insufficient and should be disregarded.  This information is relevant to the burden regarding pretext that Plaintiff must satisfy.  *Coughlin,* 946 F.2d at 1157; *Click,* 970 F.2d at 113.

      6.      Defendants have objected to several requests for information related to third parties as being invasive of the of those persons' personal privacy interest.  Plaintiff previously offered to enter an agreed protective order to alleviate any concern over privacy of third parties.  Plaintiff will agree to an appropriate protective order and/or asks the Court to fashion an appropriate protective order if necessary.

      Disclosure of personal records may be made without the consent of the subject individual when required pursuant to an order of a court.  *In re Becker*, 2010 WL 3119903, *3 (Bkrtcy. W.D. Tex. 2010).

      Courts need only apply the ordinary relevancy standard set forth in FRCP 26(b)(1); thus, once a court determines that the information sought is relevant, the court can compel the party opposing the discovery request to furnish information, and the party seeking disclosure need not prove that its need for information outweighs the privacy interests of the individual to whom the information relates.  In this situation, the court can determine whether disclosure would be a clearly

unwarranted invasion of the subject's privacy, and can shape a protective order to forestall any misuse of the information.

*Id.* (*citing Christy v. United States*, 68 F.R.D. 375, 377 (N.D. Tex. 1975).

The Court in *Green v. Nicholson Mfg. Co.*, 2005 WL 5959605 (E.D. Tex. 2005), addressed this issue:

> Defendant objects to plaintiffs requests for production of personnel files for some of defendant's employees who are not directly involved in the lawsuit on the grounds that the invasion of privacy is unwarranted ... Although this sort of discovery may seem invasive, it is justified in this case where the main issue is whether defendant treated plaintiff differently from other employees ... Defendant argues that plaintiff was terminated for poor performance, and plaintiff must establish that this reason was merely a pretext ... In order to establish that defendant's asserted reason was merely a pretext, plaintiff must present evidence that he was treated differently than similarly performing sales personnel. Exercising broad discretion in matters of discovery, trial Courts consistently allow discovery of personnel files in light of the importance of establishing pretext in discrimination cases.

*Id.* (*citing Freundensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327 (5th Cir. 2004); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *Brown v. Arlen Management Corp.*, 663 F.2d 575 (5th Cir. 1981).)

7.     Plaintiff prays that this Motion be granted in full, and that this Court order Defendants to make full and complete responses by a date certain, and for any other relief, at law or equity, to which she is entitled.  Plaintiff also requests an oral hearing on the Motion.

Respectfully Submitted,

JANICEK LAW FIRM, PC
1100 NE Loop 410, Ste 550
San Antonio, Texas 78209
(210) 366.4949
Fax: (210) 979.6804

By: /s/ Andrew Skemp
     Andrew Skemp
     State Bar No. 24075082
     ***Attorney for Plaintiff***

## CERTIFICATE OF CONFERENCE

I certify that on January 10, 2013, Plaintiffs' counsel attempted to confer by forwarding a

letter to defense counsel requesting the documents referenced in this Motion to Compel.


/s/ Andrew Skemp
Andrew Skemp



## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their
attorneys of record, this 1st day of May, 2013.

Mishell Kneeland
Assistant City Attorney
City of Austin Law Department
PO Box 1546
Austin, Texas 78767

BY: /s/ Andrew Skemp
Andrew Skemp