IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA STEPHENS, | ) | CV. NO. 1:12-CV-659-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF AUSTIN, and ART ACEVEDO, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION

On July 22, 2014, Defendants City of Austin and Art Acevedo (collectively, "Defendants") filed a Motion for Reconsideration of this Court's July 18, 2014 Order granting discovery on pretext. ("Mot.," Dkt. # 76.) Defendants argued that any pretext discovery should be limited to employees who might be similarly situated to Plaintiff Debra Stephens ("Stephens"). (Id. at 1.) Specifically, Defendants requested this Court to limit the discovery to other employees in the Forensic Science Division of the Austin Police Department who were disciplined for similar infractions. (Id. at 4.) On July 28, 2014, Stephens filed a Response. ("Resp.," Dkt. # 77.) That same day, Defendants filed a Reply.

1

("Reply," Dkt. # 78.)

## DISCUSSION

To state a cause of action for First Amendment retaliation, a plaintiff must establish that "(1) [she] suffered an 'adverse employment decision'; (2) [she] speech involved 'a matter of public concern'; (3) [she] 'interest in commenting on matters of public concern . . . outweighs the [d]efendant's interest in promoting efficiency'; and (4) [its] speech motivated the adverse employment decision." Haverda v. Hays Cnty., 723 F.3d 586, 591 (5th Cir. 2013) (quoting Beattie v. Madison Cnty. Sch. Dist., 254 F.3d 595, 601 (5th Cir. 2001)).

Once a plaintiff has met her "burden of showing that his protected speech was a substantial or motivating factor in the defendant's adverse employment decision, a defendant may still avoid liability by showing, by a preponderance of the evidence, that it would have taken the same adverse employment action even in the absence of the protected speech." Id. (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); accord Kostic v. Texas A & M Univ. at Commerce, 3:10-CV-2265-M-BN, 2014 WL 1315657, at *22 (N.D. Tex. Mar. 31, 2014) ("That is, even if Plaintiff could show that his protected speech was a motivating factor in his termination, the Individual Defendants may still avoid liability by showing they would have taken the same action of terminating him even in the absence of the protected speech.").

"An employee can, however, refute that showing by presenting evidence that 'his employer's ostensible explanation for the discharge is merely pretextual.'" Id. (quoting Coughlin v. Lee, 946 F.2d 1152, 1157 (5th Cir. 1991)). "Pretext is more than a mistake on the part of the employer; it is a phoney excuse." Hudson v. Chicago Transit Auth., 375 F.3d 552, 561 (7th Cir. 2004). A plaintiff may prove pretext by establishing that (1) the employer's reason had no basis in fact; (2) that the explanation was not the real reason for its action; or (3) that the reason stated was insufficient to warrant the adverse job action. Atanus v. Perry, 520 F.3d 662, 674 (7th Cir. 2008); accord Morris v. City of Chillicothe, 512 F.3d 1013, 1019 (8th Cir. 2008) ("Pretext may be shown with evidence that an employer has proffered an explanation with no basis in fact, with evidence that the plaintiffs recently received favorable reviews, or with evidence that the employer's proffered reason for its employment decision has changed substantially over time."). The question presented by Defendants' Motion is the scope of discovery on pretext.

Federal Rule of Civil Procedure 26(b) permits "discovery regarding any matter not privileged, which is relevant to the subject matter in the pending action." Courts have traditionally construed "relevance" broadly: information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also Fed. R.

Civ. P. 26(b) (noting that discoverable information is not limited to admissible evidence, but includes anything "reasonably calculated to lead to the discovery of admissible evidence").

Defendants argue that this Court should limit the pretext discovery to instances where similarly situated employees were punished for similar behavior because Stephens "is attempting to show that the City's stated reasons for her termination are pretextual because it did not punish other employees who engaged in similar behavior." (Mot. at 2.) They assert that "[t]o be similarly situated, employees must have the same supervisors, work for the same division in a company, and have similar job responsibilities." (Id.) As a result, Defendants ask this Court "to narrow the discovery to identifying other instances, if any, where employees were disciplined for similar infractions (e.g., engaging in insubordinate and disruptive behavior, failing to secure evidence, and failing to follow Forensic Science Division and other lab SOPs)." (Id. at 3.) Stephens counters that this Court should "not limit discovery to other employees with similar job responsibilities who worked in the Forensic Science Division of APD." (Resp. at 2.) She contends that such a limitation is inappropriate in the context of discovery, which "is not limited to what is ultimately admissible" as Defendants proffer. (Id.) Given that both parties' arguments center on whether pretext discovery should be limited to (1) similarly situated employees and (2) similar infractions, the Court

will analyze those two potential limitations on pretext discovery.

I.      Similarly Situated Employees

Defendants rely on Lee v. Kansas City Southern Ry. Co., 574 F.3d 253 (5th Cir. 2009) to assert that this Court should limit the scope of Stephens' discovery request by focusing on current or former employees who are or were similarly situated to Stephens (i.e., have the same supervisors, work for the same division in a company, and have similar job responsibilities).  (Mot. at 2.)  In a footnote, Defendants attempt to justify why discovery should be limited to similarly situated employees: "Although Plaintiff is not alleging disparate treatment under Title VII or the ADEA [as in Lee], she is attempting to show that the City's stated reasons for her termination are pretextual because it did not punish other employees who engaged in similar behavior."  (Id. at 2 n.2.)  They continue such argument in their Reply brief, adding "Because Plaintiff cannot, under any circumstances, compare her treatment to that of employees with entirely different jobs who committed entirely different infractions, discovery about those employees is entirely outside the scope of FRCP 26(b)(1)."  (Reply at 2 (citing Vann v. Mattress Firm, No. H-12-3566, 2014 WL 1365943, at *3 (S.D. Tex. Apr. 7, 2014) (limiting plaintiff's discovery to other employees who were similarly situated and held the same job title as plaintiff); Cooper v. City of Dall. Tex., No. 3:04-CV-2407-H, 2006 WL 1983234, at *2 (N.D. Tex. July 17, 2006) (limiting

plaintiff's request for discovery to other employees with the same job title, and who worked in the same division or had the same supervisor)).)

However, Defendants are merely assuming that pretext discovery is limited to similarly situated employees in a First Amendment retaliation case. Admittedly, a plaintiff showing that he or she was replaced by someone outside his or her protected class or received less favorable treatment than a similarly situated individual in the protected class is a requirement in discrimination cases. See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr., 245 F.3d 507, 513–14 (5th Cir. 2001); Wyvill v. United Companies Life Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000). In fact, all three of the cases Defendants rely on exclusively deal with Title VII, ADEA, and FMLA discrimination claims. See Lee, 574 F.3d at 259 ("The question whether Lee presented a prima facie case of racial discrimination turns here on whether either or both of the white engineers identified by Lee as comparators were similarly situated to him."); Vann, 2014 WL 1365943, at *3 ("[I]n order to be relevant to plaintiff's [race and age discrimination] claims, she must show that the request involves individuals who are similarly situated to her."); Cooper, 2006 WL 1983234, at *2 (limiting a plaintiff's discovery request to "similarly situated" employees for purposes of her Title VII, ADA, and FMLA claims). Yet, this Court has not found any case where a court equated pretext to similarly situated employees in the First Amendment retaliation context, leading

6

the Court to the believe that pretext evidence is not necessarily circumscribed to "similarly situated" employees.

Nevertheless, Stephens does appear to agree that the disciplinary actions against sworn officers in the Austin Police Department may not be probative of pretext. (Resp. at 2–3 ("While the question of sworn v. unsworn employees is a closer call . . . .").) The Court agrees that disciplinary evidence against sworn police officers within the Austin Police Department may not sufficiently lead to discoverable information regarding whether Defendants' non-speech related reasons for terminating Stephens were pretextual. Therefore, the Court directs Defendants to produce evidence identifying instances where an employee of the Austin Police Department Crime Lab—as opposed to the entire Austin Police Department—was disciplined, written up, suspended, terminated, demoted, docked pay, involuntarily moved, received a written or verbal warning, or otherwise disciplined since March 2005.

## II.     Similar Infractions

The leading case in the Fifth Circuit regarding discovery of personnel files is Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991). The plaintiffs in Coughlin were former deputy sheriffs who claimed that they were improperly discharged for failing to support the sheriff in his re-election bid. The plaintiffs argued that the cited reason for their discharge—violation of department policy against release of

7

information during an ongoing investigation—was pretext for their dismissal. They sought discovery of personnel files within the department in an effort to show that other employees had committed similar infractions and had not been dismissed. The district court limited discovery of the personnel files solely to those files that evidenced removal or disclosure of confidential material—misconduct similar to the allegations of the plaintiffs—and to a two-year period.

On appeal, the Fifth Circuit determined that the district court had erred in limiting discovery of personnel files.  Id. at 1160.  The court stressed that "[i]n Title VII litigation, in which plaintiffs are required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files" because "[a]ll or some parts of these personnel files could be central to the plaintiffs' effort to prove pretext."  Id. at 1159.  The court explained:

> The plaintiffs sought discovery of the personnel files of JPSO employees who had arguably been guilty of a variety of infractions more serious than those committed by plaintiffs, but who nevertheless were not discharged by [the defendant].  Allegedly, these employees were political supporters of Lee and had contributed to his campaign fund.  <u>Evidence of repeated disparity in the punishment meted out to [the defendant's] supporters and non-supporters is clearly relevant in considering pretext</u>.

Id. (emphasis added).  Given that "[t]he district court appear[ed] to have limited discovery because it considered these files irrelevant to the plaintiffs' freedom of speech case," the Fifth Circuit reversed the district court's ruling on the plaintiffs'

8

requested discovery. Id. at 1160.

In light of Coughlin, the Court is unwilling to limit pretext discovery solely to those infractions Stephens was charged with committing.[1] "Evidence of repeated disparity in the punishment meted out" to Austin Police Department Crime Lab employees can be relevant to whether Stephens was truly terminated for her protected speech, as opposed to Defendants' proffered non-speech reasons. Id. at 1159. For example, if an employee was falsifying evidence, but was not terminated like Stephens, this could potentially demonstrate that Defendants' reasons for terminating Stephens for less severe infractions were pretextual. As such, the Court maintains that Defendants must produce evidence identifying instances where an employee of the Austin Police Department Crime Lab was disciplined, written up, suspended, terminated, demoted, docked pay, involuntarily moved, received a written or verbal warning, or otherwise disciplined since March 2005.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and

---

[1] The Court is aware, however, that analyzing Stephens' pretext evidence may be limited to similar infractions. See Jordan v. Ector Cnty., 516 F.3d 290, 301 (5th Cir. 2008) ("However plausible, even compelling, the proffered jurisdictions for firing Jordan sound in isolation, the evidence that others had engaged in conduct similar to Jordan's without being disciplined is sufficient for a reasonable jury to conclude that Morgan would not have taken the same action in the absence of the protected conduct." (emphasis added)).

**DENIES IN PART** Defendants' Motion for Reconsideration.  The Court **ORDERS** Defendants to produce evidence identifying instances where an employee of the Austin Police Department Crime Lab was disciplined, written up, suspended, terminated, demoted, docked pay, involuntarily moved, received a written or verbal warning, or otherwise disciplined since March 2005.  The original time limits for tendering such discovery stand: Defendants shall produce such materials within **30 days** from the issuance of the Court's July 18, 2014 Order.  After the expiration of the thirty-day period, Stephens shall have **10 days** to file supplemental briefing to present evidence that Defendants' proffered explanation for Stephens' termination was pretextual.  Defendants will have **5 days** after Stephens' supplemental briefing on pretext to file a response.

      **IT IS SO ORDERED.**

      **DATED**: Austin, Texas, July 31, 2014.

_____
David Alan Ezra
Senior United States Distict Judge