IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA STEPHENS, | ) | CV. NO. 1:12-CV-659-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF AUSTIN and ART ACEVEDO, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' BILL OF COSTS

Before the Court is an Objection to Defendants' Bill of Costs (Dkt. # 85), filed by Debra Stephens ("Plaintiff") on October 30, 2014. Pursuant to Local Rule 7(h), the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court **SUSTAINS IN PART** Plaintiff's Objections (Dkt. # 85). Accordingly, the Court approves costs in the amount of $4,736.75 to Defendants.

BACKGROUND

Plaintiff brought the instant case against the City of Austin and Art Acevedo following her April 2011 termination from the Austin Police

1

Department's Forensic Lab, where she worked as a chemist. Shortly after filing in state court, Defendants removed the case to this Court. Her amended complaint alleged causes of action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, which were based on her claim that she was terminated as a result of her exercise of her First Amendment right to free speech, her race, and her sex. On October 8, 2014, this Court entered a final judgment in favor of Defendants. (Dkt. # 83.) On October 10, 2014, Defendants timely submitted their bill of costs, pursuant to Local Rule 54. (Dkt. # 84.) On October 30, 2014, Plaintiff filed objections to the bill of costs. (Dkt. # 85.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless the court, a federal statute, or the rules provide otherwise. The party seeking costs bears the burden of presenting evidence sufficient to establish the costs incurred. Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991).

"Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs" and "the denial of costs [is] in the nature of a penalty." Pacheco v. Mineta, 448 F.3d 783, 794 (5th Cir. 2006) (internal quotation marks omitted) (quoting Schwartz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985)). Consequently, "a court may neither deny nor reduce a prevailing party's request

for cost without first articulating some good reason for doing so." Id. (internal quotation marks omitted) (quoting Schwartz, 767 F.3d at 131).

## DISCUSSION

Plaintiff raises five objections to Defendants' Bill of Costs: (1) the case remains under appeal with the Fifth Circuit and the request is therefore untimely; (2) costs related to medical records should be denied because Plaintiff's medical records were never at issue in the case; (3) costs for the transcripts of Acevedo, Gibbens, and Rodriguez's depositions should be denied because Plaintiff ordered those depositions and already paid for the transcripts; (4) costs for the transcripts of Plaintiff's Grievance Hearing audio recording, Termination Grievance Hearing, and Grievance Committee Hearing should be denied because they occurred before the case was filed; and (5) costs for the transcripts of Plaintiff's depositions, including videographer, should be denied because Defendants ordered those depositions. (Dkt. # 85 at 1.) The Court addresses each objection in turn.

I.  Timeliness of Request

Plaintiff first objects to all of the costs on the basis that her appeal remains pending before the Fifth Circuit. (Id.) However, the timeliness of Defendant's Bill of Costs is unaffected by appeal. Under Local Rule 54, the prevailing party must prepare and file a bill of costs no later than fourteen days

after the district court's final judgment.  W.D. Tex. Local R. CV-54(a); Kinsley v. Lakeview Reg'l Med. Ctr. LLC, 570 F.3d 586, 590 (5th Cir. 2009) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").  If the Court of Appeals reverses the district court's ruling, that decision upsets both the final judgment and the taxation of costs.  See Farmer v. Arabain Am. Oil Co., 379 U.S. 227, 229 (1969), disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Accordingly, a decision on the bill of costs is warranted at this time, and the Court **OVERRULES** Plaintiff's objection as to timeliness.

II.     Medical Records

Counsel for Defendants attests that the copies of the medical records "were necessary and relevant to do discovery into Plaintiff's general and broad claims that she suffered 'mental anguish' and 'pain and suffering' as a result of her termination."  (Dkt. # 84, Ex. 2 ¶ 6.)  Plaintiff objects on the basis that her medical records were never an issue in the case.  (Dkt. # 85 at 1.)

"[R]eproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity."  Fogleman, 920 F.2d at 286.  Copying costs incurred "merely for discovery" are not "necessarily obtained for use in the case" and not recoverable, unless "the party making the copies has a reasonable belief that the documents will

4

be used 'during trial or for trial preparation.'" Rundus v. City of Dall., 634 F.3d 309, 316 (5th Cir. 2011).  Medical records can be relevant for trial or trial preparation when a plaintiff's complaint makes allegations of mental anguish and emotional distress or requests damages for emotional pain and suffering.  See Dixon v. Comal Cnty., Tex., No. 5:14-CV-831-XR, 2011 WL 1565970, at *2 (W.D. Tex. Apr. 25, 2011).

In her original state court petition, Plaintiff demanded damages specifically for the "mental anguish" that she suffered in the past and would continue to suffer.  (Dkt. # 1, Ex. 3 at 10.)  In her amended complaint, which she filed on August 3, 2012, Plaintiff removed all language related to mental anguish and suffering and instead set forth a general request for "actual, compensatory, special, punitive, and exemplary damages."  (Dkt. # 7 at 14.)  The only two claims in the amended complaint arose out of Section 1983 and Title VII.  (Id. at 10–14.)

The medical records expenses were incurred in May and June of 2013, almost one year after Plaintiff had amended her complaint.  (Dkt. # 84, Ex. 1.)  The Court can locate no references to mental anguish or emotional suffering in the amended complaint, nor a damage request that would implicate Plaintiff's medical records.  See 42 U.S.C. § 1981a(b)(1) (permitting punitive damages upon a showing of malice or reckless indifference); Smith v. Wade, 461 U.S. 30, 51 (1983) (holding that, under Section 1983, punitive damages are only appropriate

upon a showing of reckless or callous disregard for the plaintiff's rights). As such, the Court does not credit Defense Counsel's assertion that the medical records were necessary for trial preparation purposes. At best, counsel can only justify the expenses as discovery-related, which is an insufficient basis upon which to award costs. Accordingly, the Court **SUSTAINS** Plaintiff's objection and denies the request for the costs related to medical records.

III. Transcripts

Prevailing parties may recover the costs of transcripts, including copies of deposition transcripts, so long as they were "necessarily obtained for use in the case." Fogleman, 920 F.2d at 285 (internal quotation marks omitted). A transcript is necessarily obtained for use in the case if it "could reasonably be expected to be used for trial preparation, rather than merely for discovery." Id. The district court has "great latitude" in determining whether a transcript was necessarily obtained or obtained merely for convenience. Id. at 286 (citing Newman v. A. E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981)).

A. Transcripts of Depositions of Acevedo, Gibbens, and Rodriguez

Counsel for Defendants attests that he relied heavily on the deposition transcripts from Acevedo, Gibbens, and Rodriguez in preparing Defendants' motion for summary judgment. (Dkt. # 84, Ex. 2 ¶¶ 8–10.) Plaintiff does not dispute the necessity of the transcripts in preparing for summary judgment, but

instead contends that because she ordered those depositions, she has already paid for the transcripts. (Dkt. # 85 at 1.)

The mere fact that Plaintiff paid for the transcripts for her own trial preparation does not preclude Defendants from recovering the costs of their own copy of the transcript. See, e.g., Kmart Corp. v. Kroger Corp., No. 1:11-CV-103-GHD, 2014 WL 3700004, at *3–4 (N.D. Miss. July 24, 2014) (awarding costs of copies of the same transcript to two different defendants). One copy of the deposition transcript, which defense counsel used in preparation for Defendants' motion for summary judgment, was reasonably necessary for use in the case. Accordingly, the Court **OVERRULES** Plaintiff's objection and approves awards of $467.31 for a copy of the Acevedo deposition transcript, $491.22 for a copy of the Rodriguez deposition transcript, and $572.12 for a copy of the Gibbens deposition transcript.

B.    Transcripts of the Grievance-related Hearings

Counsel for Defendants attests that costs related to transcribing audio recordings from Plaintiff's Grievance Hearing, Termination Grievance Hearing, and Grievance Committee Hearing regarding Plaintiff's termination were necessary to determine what, if anything, Plaintiff said about her actions and inactions that led to her discipline. (Dkt. # 84, Ex. 2.) Plaintiff objects on the basis that the transcripts concerned matters that occurred before this case began. (Dkt.

# 85 at 1.)

So long as the transcript could reasonably be expected to be used for trial preparation and not merely for discovery, it is irrelevant whether that testimony comes from the present litigation or another case.  See, e.g., Faculty Rights Coalition v. Shahrokhi, No. Civ. A. H-04-2127, at *1 (S.D. Tex. Aug. 10, 2005) (allowing costs for a transcript from a hearing in a case separate from the litigation at issue because the testimony contained statements and admissions explaining facts relevant to the case).  Because the case turned on whether Plaintiff was wrongfully terminated, in violation of either her First Amendment rights or Title VII, the Court finds that the information from Plaintiff's employment-related hearings was not merely for discovery purposes and could reasonably be expected to be used in trial preparation.  Accordingly, the Court **OVERRULES** Plaintiff's objection and approves awards of $1,557 for a transcript of the grievance hearing audio recording and $1,649.10 for transcripts of (1) the termination grievance hearing and (2) the grievance committee hearing.

    C.    <u>Transcripts of Plaintiff's Deposition</u>

Counsel for Defendants attests that the costs for taking Plaintiff's deposition, including video recording, and for transcribing the testimony are reimbursable because Defendants used Plaintiff's deposition extensively in preparing their motion for summary judgment. (Dkt. # 84, Ex. 2 ¶ 7.)  Plaintiff

objects on the grounds that Defendants ordered the deposition, so she should not have to bear the burden of the costs. (Dkt. # 85 at 1.)

Although video deposition costs are recoverable costs, see 28 U.S.C. § 1902(2), the prevailing party bears the burden of showing that the video costs were reasonably necessary. A majority of courts consider video costs reasonably necessary in complex cases where deponents may be unavailable for testimony at trial or where the parties anticipate needing to use the video testimony at trial for other reasons. See, e.g., Fatava v. Nat'l Oilwell Varco, LP, No. 2:12-CV-82, 2014 WL 5822781, at *2 (S.D. Tex. Nov. 10, 2014) (permitting video costs where it was unclear, at the time of depositions, if the plaintiffs would be available to attend trial and where significant portions of video footage were used at trial); Allstate Ins. Co. v. Plambeck, No. 3: 08-CV-388-M, 2014 WL 2980265, at *8 (N.D. Tex. July 2, 2014) (permitting video costs where the deponent was charged with theft at the time of the deposition and counsel reasonably anticipated that she would not be able to appear at trial). However, where cases are not particularly complex and the plaintiff would have been available for trial testimony, the majority of courts find that video costs are unwarranted. See, e.g., Sheikk-Abukar v. Fiserv Solutions, Inc., No. Civ. A. H-09-2769, 2011 WL 5149654, at *1 (S.D. Tex. Oct. 26, 2011) (denying video costs in an employment discrimination case with factual circumstances simpler than "those presented in copyright and other complex cases"

and where the court did not refer to the video deposition in ruling on the summary judgment motion); <u>Lear Siegler Servs. v. Ensil Int'l Corp.</u>, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) (denying video costs where the video was for convenience rather than necessity).

This case was not unusually complex, nor do Defendants suggest any reason that Plaintiff would have been unavailable to testify at trial. Based on the information supplied to the Court, it seems that Defendants relied on the video testimony out of convenience in preparing the motion for summary judgment, not out of necessity. Accordingly, the Court **SUSTAINS** Plaintiff's objection, insofar as it pertains to the video-related costs. Because Defendants have failed to itemize videography costs apart from stenographic transcription costs, the Court denies the request for costs related to Plaintiff's deposition testimony in their entirety.

CONCLUSION

For the foregoing reasons, the Court **SUSTAINS IN PART** Plaintiff's Objections (Dkt. # 85). Accordingly, the Court approves costs in the amount of $4,736.75 to Defendants.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, February 24, 2015.

_____
David Alan Ezra
Senior United States Distict Judge