IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA STEPHENS, | ) | CV. NO. 1:12-CV-659-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF AUSTIN and | ) | |
| ART ACEVEDO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO STAY COURT ORDER

Before the Court is Motion to Stay[1] the Court's February 24, 2015 Order Approving Costs in the Amount of $4,736.75 to Defendants (Dkt. # 90), filed by Debra Stephens ("Plaintiff") on March 6, 2015. Pursuant to Local Rule 7(h), the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court **DENIES** Plaintiff's Motion (Dkt. # 90).

---

[1] The instant filing came to the Court as a letter asking the Court to "suspend" its February 24, 2015 order. (Dkt. # 90.) Because Plaintiff proceeds pro se, the Court must liberally construe her filings, and construes her letter as a Motion to Stay. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Windland v. Quarterman, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").

1

BACKGROUND

Plaintiff brought the instant case against the City of Austin and Art Acevedo following her April 2011 termination from the Austin Police Department's Forensic Lab, where she worked as a chemist. Shortly after filing in state court, Defendants removed the case to this Court. Her amended complaint alleged causes of action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, which were based on her claim that she was terminated as a result of her exercise of her First Amendment right to free speech, her race, and her sex.

On October 8, 2014, this Court entered a final judgment in favor of Defendants. (Dkt. # 83.) The matter is currently before the Fifth Circuit on appeal. (See Dkt. # 88.) On February 24, 2015, this Court entered an order approving costs in the amount of $4,736.75 to Defendants. (Dkt. # 89.) On March 6, 2015, Plaintiff filed the instant Motion to Stay Court Order. (Dkt. # 90.)

DISCUSSION

Under Federal Rule of Civil Procedure 62(d), a party can, as a matter of right, stay the execution of a final judgment pending appeal if she posts a supersedeas bond. Fed. R. Civ. P. 62(d). However, because this rule is limited to final judgments pending appeal, In re Zapata Gulf Marine Corp., 941 F.2d 293, 295 (1991), a party can only stay attorney's fees and costs if (1) the fees and costs were awarded as part of the final judgment or (2) she has separately appealed the

post-judgment order awarding fees and costs.  See Armour v. Knowles, 512 F.3d 147, 156 (5th Cir. 2007) (holding that post-judgment orders on costs are not part of the appeal of a final judgment and must be separately appealed); Lamar Contractors Inc. v. Rolling Plains Constr., Inc., No. Civ. A. 11-1336, 2012 WL 5044966, at *2 (E.D. La. Oct. 18, 2012) (noting that costs could be stayed because the plaintiff properly appealed the imposition of costs); Williams v. Amerus Life Ins. Co., No. Civ. A. H-03-04692, 2006 WL 6508269, at *4 (S.D. Tex. July 11, 2006) (finding that Rule 62(d) did not preclude a stay on attorney's fees and costs where that issue had already been properly noticed on appeal).

Stephens appealed her case on October 30, 2014, the same day that she filed her Objections to the Bill of Costs.  (Dkt. # 86.)  Her notice of appeal specifically identifies the following issues for review: (1) the Court's denial of her objections to the Report and Recommendation; (2) the Court's decision adopting in part and vacating in part the Report and Recommendation; (3) whether there was evidence of pretext.  (Id.)  In her notice of appeal, Stephens does not identify costs as a basis for appeal, nor could she have: the Court did not issue its order approving costs until February 24, 2015, rendering the decision a post-judgment order.  (Dkt. # 89.)  Since Stephens has not separately appealed the Court's post-judgment order on costs, she does not have the right to stay the execution of judgment under Rule 62(d).

Stephens provides no reason for the stay, except for that she believes she has ample grounds for appeal. To the extent this Court has the inherent authority to temporarily stay executions of judgment, see, e.g., United States v. Denvery & Rio Grande W. R.R., 223 F.2d 126, 127 (10th Cir. 1955), this Court declines to exercise such discretion in the absence of any compelling reason from Stephens.

Accordingly, the Court **DENIES** Plaintiff's Motion (Dkt. # 90).

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, April 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge